Debra BROCK, Plaintiff–Appellant,

v.

**PEPSI–COLA BOTTLING CO. of San Francisco; Pepsico Inc.; Marc Marcelli; Mike Salzburg; Nancy Hebert; Pat Devlin, Defendants–Appellees.**

No. 00–16209.
D.C. No. CV–98–00793–GEB.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 11, 2001.[1]

Decided Oct. 19, 2001.

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See*  Fed. R.App. P. 34(a)(2).

Before PREGERSON, RAWLINSON, Circuit Judges, and WEINER, District Judge.[2]

## MEMORANDUM [3]

Debra Brock ("Brock") appeals the district court's grant of summary judgment on her gender discrimination, retaliation, and intentional infliction of emotional distress claims in favor of her employer, Pepsi-Cola Bottling Co., and four of Pepsi's managerial employees, Marc Marcelli, Mike Salzburg, Nancy Hebert, and Pat Devlin (collectively "Pepsi"). Brock based her claims on several incidents in which Pepsi disciplined her or did not promote her. We affirm.

Brock argues that the district court's decision must be overturned because that court applied the wrong standard regarding Brock's burden of proof on her discrimination and retaliation claims. In particular, Brock argues that the district court wrongly required circumstantial pretext evidence to be "substantial" as mandated by us in *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1222 (9th Cir.1998), instead of requiring such evidence to be "sufficient" as mandated subsequently by the Supreme Court in *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 149, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). We do not have to reach the issue whether *Reeves* set a new standard for circumstantial pretext evidence because in any event, Brock's evidence is not "sufficient" to show that Pepsi's reasons were pretextual.

Regarding Brock's discrimination claims, we agree with the district court that Brock has failed to raise a genuine issue of material fact concerning Pepsi's proffered non-discriminatory reasons for disciplining and not promoting her. *See Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). That Brock slapped a co-employee on company grounds was a valid reason for Pepsi's failure to promote Brock in 1996. It is irrelevant whether or not Brock was disciplined for this incident. Similarly, that Brock lied on her applica-

**2.** Honorable Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

**3.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

tion was a valid reason for Pepsi to suspend Brock for ten days in 1998. Brock's contention that this suspension was "harsh" is speculative and does not raise a genuine issue of material fact. The suspension was in turn a valid reason for Pepsi's failure to promote Brock in 1998. Brock argues that this reason was pretextual because the suspension occurred after Pepsi's failure to place Brock on the 1997 promotion slate had already made Brock ineligible for promotion. However, Brock threatened to "go postal" in 1996. This was a valid reason not to put her on the promotion slate in 1997.

■ Regarding Brock's retaliation claims, we again agree with the district court that Brock has failed to raise a genuine issue of material fact concerning Pepsi's proffered non-discriminatory reasons for disciplining and not promoting her. *See Cohen v. Meyer, Inc.,* 686 F.2d 793, 796 (9th Cir.1982). The retaliation claims based on the 1998 suspension and the 1998 non-promotion fail for the same reasons as the discrimination claims based on these incidents. Moreover, Brock's absences in 1998 and 1999 in excess of what was allowed under Pepsi's attendance policy were valid reasons to discipline her for these absences. The discipline was in turn a valid reason for Pepsi's failure to promote Brock in 1999. Various unpleasantries adduced by Brock in support of her retaliation claims, ranging from an unsigned Christmas card and dirty looks by a non-supervisory managerial employee to a deactivated (but later reactivated) key card and a delayed gift certificate, are trivial in nature. They do not call into question Pepsi's otherwise valid reasons for disciplining and not promoting Brock.

■ Finally, regarding Brock's claims for intentional infliction of emotional dis-

tress, we also agree with the district court that by Brock's own logic, these claims do not survive the failure of her discrimination and retaliation claims based on the same incidents. We add that none of the complained of behavior rises to the level of extreme and outrageous conduct required to support a claim for intentional infliction of emotional distress. *See Molko v. Holy Spirit Ass'n,* 46 Cal.3d 1092, 252 Cal.Rptr. 122, 762 P.2d 46, 76 (1988). At best, Brock has made "[a] simple pleading of [discriminatory or retaliatory] personnel management activity," which in California "is insufficient to support a claim of intentional infliction of emotional distress." *Janken v. GM Hughes Elec.,* 46 Cal.App.4th 55, 53 Cal.Rptr.2d 741, 756 (Ct.App.1996).

AFFIRMED.